# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WILSON PEPE, <br><br> Plaintiff, <br><br> v. <br><br> MARIROSA LAMAS, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-01688 <br><br> (CALDWELL, J.) <br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a civil rights action initiated upon the filing of a complaint in this matter on August 31, 2015 by *pro se* prisoner Plaintiff David Wilson Pepe, seeking injunctive relief and an award of compensatory and punitive damages for an alleged Eighth Amendment violation stemming from his involuntary exposure to second-hand environmental tobacco smoke. (Doc. 1). For the reasons provided herein, this Court will dismiss Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

## I. FACTUAL BACKGROUND

*Pro se* Plaintiff David Wilson Pepe filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2015, against Marirosa Lamas, Timothy Graham, and Doug Bopp, prison administrators and officials employed at the State Correctional Institution at Benner, in Bellefonte, Pennsylvania ("SCI-Benner"), where he is currently incarcerated. Along with his complaint, Pepe has filed a supporting memorandum and various exhibits (Doc. 2), which shed light on his claims. Pepe suffers from Graves' disease, an autoimmune disease that affects the thyroid. As a result of this diagnosis, he has been advised to avoid exposure to second-hand tobacco smoke, or "environmental tobacco smoke" ("ETS"). Pepe alleges that he

is continuously subjected to excessive levels of second-hand smoke that travels through the vent system at SCI-Benner " 24-hours a day," despite a policy that prohibits smoking inside the facility. (Doc. 1, at 27). He complains that the second-hand smoke effects the proper functioning of his thyroid, and causes him "to constantly sneeze, [to ] cough a lot, [to] hav[e] burning eyes. . . . [and to have] chest pains." (Doc. 1, at 39). Pepe has been transferred within the prison as well as assigned a non-smoking cellmate of his choice in an effort to accommodate his needs and address the numerous inmate requests he has filed. Nevertheless, he alleges that the above-captioned Defendants have acted with deliberate indifference towards his exposure to ETS in violation of the Eighth Amendment, primarily because his requests for a transfer to SCI-Chester, a facility where all smoking is banned and cigarettes are not sold at the commissary, have been ignored. *Wilson v. Burks*, 423 F. App'x 169 (3d Cir. 2011) (Doc. 1, at 1).

## II. **SECTION 1915 STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to

dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. PERSONAL INVOLVEMENT

To state a claim under § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of

participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to § 1983 liability. *Padilla v. Beard*, No. CIV. 1:CV-06-0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); *Rode*, 845 F.2d at 1207.

The filing of a grievance is not sufficient to show the actual knowledge required for personal involvement. Moreover, participation in the "after-the-fact" review of a grievance is not enough to establish personal involvement. *See Pressley v. Beard*, 266 Fed. Appx. 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Ramos v. Pa. Dep't of Corr.*, No. CIV. 4:CV-06-1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); *Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa.1997), *aff'd,* 142 F.3d 430 (3d Cir. 1998) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

Here, Pepe alleges that Health Care Administrator Doug Bopp, and Superintendent Marirosa Lamas,[1] failed to respond or responded in an unsatisfactory manner to his grievances. (*See* Doc. 2, at 3, 30). However, participation, or lack of participation in an administrative review process is an insufficient basis for § 1983 liability. As a review of the complaint and corresponding attachments reveals no facts alleging personal involvement by these prison administrators in the allegedly unconstitutional conduct, it is recommended that Defendants Doug Bopp and Marirosa Lamas be dismissed from the instant action.[2]

---

[1] Specifically, Pepe appears to take issue with Superintendent Marirosa Lamas's response to his inmate request, whereby she states: "The Department of Corrections does not permit smoking inside any of its buildings. Corrections officers and staff enforce the no-smoking and if inmates are caught smoking in their cell, they are issued a misconduct. Staff will continue to enforce the non-smoking inside DOC buildings, but we are not a smoke-free, tobacco free institution and inmates will continue to test the rules." (Doc. 2, at 40). To the extent that Pepe alleges that Marirosa Lamas has exhibited deliberate indifference to the levels of ETS to which he is continually exposed, such a claim lacks merit, as Pepe has failed to allege sufficient facts demonstrating that this supervisory defendant both knew of and disregarded a substantial risk to his health or safety. Indeed, Pepe has only offered the conclusory allegation that the smoking restrictions are not being fully enforced because smokers violate the policy on a daily basis, without offering specific instances of illegal smoking that could enable this supervisory defendant to take reasonable measures to abate it. Such general allegations of "imperfect enforcement of a non-smoking policy do[ ] not equate to deliberate indifference." *Edwards v. Samuels,* 2007 WL 81884, *7 (D.N.J.2007) (citing *Franklin v. District of Columbia,* 163 F.3d 625, 636 (D.C. Cir. 1998); *Morris v. Lorillard,* No. 04-2617, 2006 WL 2796029 (M.D. Pa. Sept. 25, 2006)); *see also Scott,* 139 F.3d at 944.

[2] Further, this Court is guided by the well-established principle that inmates "do not have a constitutional right to a prison grievance system." *Arroyo v. Li,* No. 3:CV-13-1506, 2014 WL 4294506, at *3 (M.D. Pa. Aug. 28, 2014)(citing *Jones v. North Carolina Prisoners Labor Union,* 433 U.S. 119, 137–38 (1977); *Speight v. Sims,* No. 08–2038, 2008 WL 2600723 at *1 (3d Cir. Jun 30, 2008)). Accordingly, any attempt by Pepe to establish liability against these Defendants solely based upon the substance or lack of response to his institutional grievances does not, by itself, support a constitutional due process claim. *See Alexander v. Gennarini,* 144 Fed. Appx. 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Okey v. Strebig,* 531 F. App'x 212, 215 (3d Cir. 2013) *cert. denied*, 134 S. Ct. 446 (2013) ("The failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation.") (citations omitted). Thus, to the extent Plaintiff seeks to recover for
*(footnote continued on next page)*

### B. EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT TIMOTHY GRAHAM

The crux of Pepe's complaint is that he is continuously being involuntarily exposed to ETS at SCI-Benner in violation of the Eighth Amendment. "There are two varieties of ETS claims—present injury claims and future injury claims—and they are measured by different standards." *Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011) (citing *Atkinson v. Taylor,* 316 F.3d 257, 273 (3d Cir. 2003) (Ambro, J., dissenting in part)). To state a cognizable future injury claim, a plaintiff must allege that "prison officials have exposed him, with deliberate indifference, to levels of ETS that pose an unreasonable risk of harm to his future health." *Atkinson*, 316 F.3d at 262 (citing *Helling v. McKinney,* 509 U.S. 25 (1993)). Specifically, a plaintiff must (1) objectively show that "he is being exposed to unreasonably high levels of ETS," contrary to contemporary standards of decency, and (2) subjectively show that prison officials are deliberately indifferent to his exposure to ETS. *Helling,* 509 U.S. at 35. A present injury claim based on exposure to ETS requires allegations of a sufficiently serious medical need related to ETS exposure (the objective component), and deliberate indifference by prison officials in response to that need (the subjective component). *Atkinson*, 316 F.3d at 266.

Even assuming, *arguendo,* that Pepe has alleged sufficient facts demonstrating substantial exposure to ETS and his resulting sensitivities, thus satisfying the first objective prongs of both his present and future injury claims, he has nevertheless failed to show that Defendant Timothy Graham exhibited deliberate indifference to the unreasonable health risks he has allegedly been subjected to. To be found "deliberately indifferent, the prison official must know of the inmate's

---

prison officials' failure to respond to his grievances, such a claim is not cognizable under § 1983.

substantial risk of serious harm and disregard that risk by failing to take measures to abate it." *Buchanan v. United States*, No. 1:05-CV-0887, 2007 WL 983312, at *7 (M.D. Pa. Mar. 27, 2007) (citing *Farmer v. Brennan,* 511 U.S. 825, 846 (1994)). Here, Pepe has attached an inmate request form he submitted on August 7, 2013, where he concedes that Defendant Graham "gave [him] a non-smoking cellmate today 08/07/13" that [he] requested to have as a cellmate. Pepe further alleges that Defendant Graham moved Pepe off of his block, purportedly in an effort to accommodate Pepe's complaints of cigarette smoke. (Doc. 2, at 2; Doc. 2, at 39). Thus, Pepe's exhibits attached to his complaint belie any allegation that Defendant Graham failed to take reasonable measures to avert his risk of ETS exposure. That Defendant Graham was unsuccessful in completely eliminating his risk of ETS exposure is immaterial to the analysis, as "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." See *Farmer,* 511 U.S. at 843. Accordingly, the Court will dismiss Pepe's Eighth Amendment claim against Defendant Timothy Graham on the basis that Pepe has failed to state a claim upon which relief may be granted.

## IV. **LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Pepe has not been given leave to amend his complaint previously in this matter. There is nothing to suggest that amendment of Pepe's claims against Defendants Doug Bopp, Marirosa Lamas, or Timothy Graham would be futile, nor is there any basis to believe it would be

inequitable. Therefore, Pepe will be granted leave to amend his complaint within thirty (30) days of dismissal of this complaint.

V. **CONCLUSION**

Based on the foregoing, Plaintiff's complaint (Doc. 1), will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff will be granted leave to amend his complaint with respect to his Eighth Amendment claims against Defendants Doug Bopp, Marirosa Lamas, and Timothy Graham within thirty (30) days following the dismissal of his complaint.

An appropriate Order follows.

**BY THE COURT:**

**Dated: September 28, 2015**  *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**